IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,              )<br>                                                              )<br>                   Plaintiff,              )<br>                                                              )<br>           vs.                                              )<br>                                                              )<br>CARLOS R. CHAIREZ-LOPEZ,          )<br>                                                              )<br>                   Defendant.          )  | **Case No. 8:07CR237**<br><br>**ORDER** |

This case came on for hearing on September 11, 2007 on Defendant's Motion for Severance (#29) and Motion to Produce Exculpatory Materials and Other Evidence (#33). For the following reasons I find the motions should be denied.

## MOTION FOR SEVERANCE

Carlos R. Chairez-Lopez seeks a severance from his co-defendant, Rene A. Sandoval-Valenzuela, pursuant to Rule 14, F.R.Cr.P., claiming that he would be prejudiced by a joint trial.

Joinder of multiple defendants is proper under Rule 8(b), F.R.Cr.P. when two or more defendants are charged in the same indictment or information alleging to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses.  Such defendants may be charged in one or more counts together, or separately, and all of the defendants need not be charged in each count.

Under Rule 8(b), the joinder of Chairez-Lopez and Sandoval-Valenzuela is proper as the indictment charges them with conspiracy and possession with intent to distribute methamphetamine.

The analysis of the motion then turns to the question of prejudicial joinder under Rule 14, F.R.Cr.P. The rule allows the court to sever defendants for trial or to sever counts as the result of prejudicial joinder of defendants in an indictment which is otherwise proper under Rule 8. Under Rule 14 the defendant must show the joinder is so prejudicial that it outweighs the interest of judicial economy and efficiency which result from joint trials.

The general rule of this circuit is that persons jointly indicted on similar evidence for the same or related events should be tried together. United v. Jones, 16 F.3d 275, 279 (8th Cir. 1994).

Chairez-Lopez's concern about the comparison of the volume of evidence that may be admitted against his alleged co-conspirator and the evidence specifically involving his participation in the alleged conspiracy, is not a valid basis for finding prejudicial joinder under Rule 14 as "disparity in the weight of the evidence as between two parties does not entitle one to severance .... Neither does limited involvement in a conspiracy warrant severance." United States v. Pencina, 196 F.2d 186, 188 (8th Cir. 1992). In any conspiracy the evidence of each participant's alleged involvement varies--such is the nature of conspiracy.

In this indictment, both Chairez-Lopez and Sandoval-Valenzuela are charged in Count I with conspiracy over an identical time frame. Judicial economy justifies the reliance on the jury to follow the instructions of the court that separate the evidence and limits the applicability of the evidence to each defendant. Severance in this case is not appropriate as both defendants are charged with conspiracy based upon similar evidence from related events and the record fails to establish the existence of any prejudice to Chairez-Lopez that is not outweighed by the court's concern for judicial economy.

**MOTION TO PRODUCE**

The Motion is denied as both overly broad and premature. The government is under no duty to disclose cooperating witness Jencks Act material "until said witness has testified on direct examination in the trial of the case." 18 U.S.C. Sec. 3500(a)(2000).

In this case the government is obligated to comply with its open file policy and Rules 16, 26.2, and 12.1 of the Federal Rules of Criminal Procedure and must, based upon Rule 16, make a timely and complete disclosure of information. While the defendant alleges that there must be Brady[1] material and other evidence which has not been disclosed, the government represents to the court that all discoverable material has been turned over to Chairez-Lopez. The defendant's attorneys continue to believe that the government facts must be in error based upon information they have received from their client and his family, that at the time of his arrest Chairez-Lopez's co-defendant Sandoval-Valenzuela made exculpatory statements about Chairez-Lopez's lack of involvement in the charged offense. The court finds such evidence is highly speculative and, as such, does not form a valid basis for the court to conclude that the government is improperly withholding discovery.

**IT IS ORDERED:**

1. The defendant Chairez-Lopez's Motion for Severance (#29) is denied.

2. Defendant Chairez-Lopez's Motion to Produce Exculpatory Materials and Other Evidence ((#33) is denied.

Pursuant to NECrimR 57.2, a party may appeal this order by filing a"Statement of Appeal of Magistrate Judge's Order" within fourteen (14)

---

[1] Brady v. Maryland, 373 U.S. 83 (1963).

calendar days after being served with the order. The party shall specifically state the order or portion thereof appealed from and the basis of the appeal. The appealing party shall file contemporaneously with the statement of appeal a brief setting forth the party's arguments that the magistrate judge's order is clearly erroneous or contrary to law. The filing of a statement of appeal does not automatically stay the magistrate judge's order pending appeal.  See NECrimR 57.2(d).

Dated this 11th day of September 2007.

BY THE COURT:


F. A. Gossett
United States Magistrate Judge